Oldham, J., delivered the opinion of the court. By the Revised Statutes, chap. 137, sec’s 1,2, it is enacted, that any person bound as security for another in any bond, bill or note for the payment of money or the delivery of property, may at any time after action hath accrued thereon,-by notice in writing, require-the person having such right of .action, forthwith to commence suit against the principal debtor and other party liable, and that, if suit be not commenced within thirty days after the service of such notice, and proceeded in with due diligence in the ordinary course of law to judgment and execution, such person shajl be exonerated from liability to the person notified. In August, 1841, and again in January, 1842, ’Watkins gave notice to the Bank, in accordance with the provisions of the statute above quoted* to bring her suit against the principal debtor and other parties liable-, which she failed to do until October, 1843. It is therefore clear that, under the statute, Watkins is. .exonerated from liability to the bank upon the note upon which this suit was brought; but whether the party can avail himself of this defence -in bar to a recovery at law, or must resort to a court of equity for relief, seems to be the main question presented by the record for the consideration of this court. Originally file security was compelled 1o resort to chancery for rebel, growing out of the acts or omissions of the payee towards the principal debtor', to the prejudice of the security, but now:,courts of lawr, for the purpose of administering substantial justice.will permit a defence to be made, which at a period not very remote would not have been allowed. It was upon this principle that the Supreme Court of New York, in Paine vs. Packard, 13 John. R. decided, “that if the payee of a note is required by the security to proceed without delay to collect the money of the principal, who is then solvent, and if the payee neglects to proceed against the principal, until he becomes insolvent, the security may plead these facts at law, and, if they are established, he will be exonerated.” That decision was made in the absence of any statutory provision upon the subject; and was re-considered, and approved, by the court in King against Baldwin, 17 John. R. 384, in which latter case the defence was held to be available either at law or in equity: and it has been so held by the Supreme Court of Tennessee. Hancock vs. Bryant, 2 Yerger's R. 476. Thompson vs. Watson & Gibson, 10 Yerg. R. 362. In Kelly vs. Matthews, 5 Ark. Rep. 223, the court incidentally recognized the principle here maintained, that the defence set up by the defendant below is available at law, provided the defendant has, in every respect, complied substantially with the provisions of the statute. Our statute declares that a failure on the part of the holder to bring suit within thirty days after notice, and to prosecute the same, in the ordinary course of law, to judgment and execution, shall exonerate the security from liability. Courts have no authority to circumscribe the rights of parties, or to restrict the language of the legislature, where no reason can be assigned for such restriction. The language of the legislature is a general term — exonerated from, .liability. We cannot restrict the defendant in the exercise of the defence thus conferred, and hold him legally but not equitably bound. The position assumed for the bank, that the defendant cannot aver that he is a security without contradicting the legal import of the instrument, cannot be sustained either upon principle or precedent. Sprigg vs. Bk. Mt. Pleasant, 10 Peter's R. 258. The instrument itself purports to have been executed by him as security. We judicially know that the bank was authorized by its charter to require security 1o notes discounted by her. It is true that the defendant does not stand in the attitude of a drawer of a bill of exchange, or the endorser of a bill or note, and that demand, protest and notice are not necessary to fix his liability; but his position is that of security in the strict and legal acceptation of the term, subject to all the liabilities, and possessed of all the rights attaching to that character. He is jointly and severally bound with his principal, and co-security, to the full extent for the payment of the note sued upon, unless discharged by the payee, by some act or omission on his part, to the prejudice of the security. The bank, by failing to bring suit within thirty days after service of notice upon her, discharged Watkins from liability to her. Several other questions are presented by the record, which we deem it unnecessary to determine, as-that already decided, finally disposes of the controversy between the parties. Judgment affirmed. ,